IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 13-00021 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | LEVI SAELUA'S PRO SE "MOTION |
| vs. | ) | FOR LEAVE OF COURT FOR |
| | ) | PRODUCTION OF SENTENCING |
| LEVI SAELUA, JR. | ) | TRANSCRIPTS TO AID IN THE |
| | ) | RESOLUTION OF USSG |
| Defendant. | ) | AMENDMENT 782" AND DEEMING |
| | ) | WITHDRAWN HIS MOTION FOR |
| | ) | LEAVE TO SUBSTITUTE CJA |
| _____ | ) | APPOINTED COUNSEL |

**ORDER DENYING DEFENDANT LEVI SAELUA'S PRO SE
"MOTION FOR LEAVE OF COURT FOR PRODUCTION OF
SENTENCING TRANSCRIPTS TO AID IN THE RESOLUTION
OF USSG AMENDMENT 782" AND DEEMING WITHDRAWN HIS
MOTION FOR LEAVE TO SUBSTITUTE CJA APPOINTED COUNSEL**

This court has received from Defendant Levi Saelua his "Motion for Leave

of Court For Production of Sentencing Transcripts To Aid in the Resolution of

USSG Amendment 782 and Motion for Leave to Substitute CJA Appointed

Counsel."  This motion was filed by the court clerk late in the day on

September 26, 2016, and the court did not see this motion until after the status

conference held the morning of September 26.

The court deems the motion for leave to substitute counsel to be withdrawn, based on the discussion held during the status conference.

The motion seeking transcripts is denied for three reasons.

First, by the time Saelua submitted the transcript request, he knew that he was represented by counsel. This court will not allow a represented party to continue to operate pro se.

Second, as discussed at the status conference on September 26, 2016, the court intends to stay this matter once it has addressed the issue of whether defense counsel is adopting or withdrawing Saelua's pro se "Motion for Leave to Supplement his 3582(c)(2) USSG Amendment 782 Motion," which appears to have been submitted before Saelua knew this court had appointed counsel for him. The stay will allow the court to consider anticipated appellate guidance relating to Saelua's separate motion for relief under 28 U.S.C. § 2255. The resolution of the separate § 2255 motion is likely to affect Saelua's Amendment 782 motion.

Third, Saelua does not explain why the transcripts, which would have to be prepared by a court reporter at court expense, are relevant to his Amendment 782 motion. Saelua says that what was said at the sentencing hearing may indicate whether the sentencing guidelines influenced the sentence. The court understands that Saelua may be relying on the Ninth Circuit's en banc decision in United States

2

v. Davis, 825 F.3d 1014 (9th Cir. 2016), which held that a defendant who entered

into a binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of

Criminal Procedure would be eligible for relief under a guideline amendment if

the sentencing court's decision to accept the plea agreement was based on the

guidelines that were subsequently amended. However, Saelua's reliance on Davis

ignores Saelua's career offender status which, unless changed by the resolution of

his separate § 2255 motion, renders him ineligible for relief under Amendment

782. That is, no matter what the sentencing transcript may show, Amendment 782

appears not to apply to Saelua. The Government has agreed that a career offender

is ineligible as a matter of law for relief under Amendment 782. The Government

nevertheless has opted not to object to the granting of relief under Amendment

782 because former Attorney General Eric Holder advised United States Attorneys

to be sparing in seeking the imposition of mandatory minimum sentences or

enhancements to such sentences. The Holder memorandum does not go to any

guideline application in Saelua's case. This court has already indicated that, even

with the lack of objection by the Government, the court is not inclined to reduce

Saelua's sentence under Amendment 782 if Saelua remains a career offender.

This is not because the court has any desire to keep Saelua incarcerated

beyond the period that would apply if his sentence were lowered as requested.

Rather, the court's concern is that such a reduced sentence would violate an applicable statute, and that imposition of an illegal sentence in this case, even though not objected to by any party, would be hard to square with the court's rejection of illegal sentences in other cases. The court does not express this concern lightly. The court realizes that the parties may wonder why this court does not simply close its eyes to the illegality and achieve what the parties might perceive as "rough justice" by granting Saelua's Amendment 782 motion. At the risk of appearing hidebound, this court cannot adjust its thinking to do that in this case. The court nevertheless has clearly in mind that five previous years of Saelua's life hang in the balance. The court also knows that there is true benefit in recognizing and respecting the parties' views. That is precisely why this court has done its best to see whether the unobjected-to reduction might be achieved within the law, and the court invites the attorneys in this case to explore that possibility further. In that spirit, this court, at the status conference on September 26, 2016, outlined for the parties the court's lack of objection to a clemency petition seeking a five-year reduction in Saelua's sentence, but the parties may be able to propose something better. [1]

---

[1] The court is uncertain why the Government did not take earlier action in response to the Holder memorandum. Although the Holder memorandum, which is dated August 12, 2013, issued after Saelua pled guilty on July 26, 2013, it

In earlier proceedings, this court pointed to 18 U.S.C. § 3582(c)(2), which

states that, when a guideline has been amended, the court may reduce a sentence

"after considering the factors set forth in section 3553(a) to the extent that they are

---

issued before this court  accepted the plea agreement or sentenced Saelua on
November 12, 2013.  Presumably, Saelua would not have objected or considered it
a breach of the plea agreement had the Government sought to shorten the prison
term set forth in the plea agreement.  It is unclear why the Government could not
have accomplished this at or before sentencing by moving for leave to renegotiate
the yet-unaccepted plea agreement to provide for a shorter prison term.  Instead,
the Government has belatedly raised the Holder memorandum as a reason that it
does not object to what at this point would be an illegal sentence.  Moreover, the
Government's present reliance on the Holder memorandum is difficult to square
with the objection to a reduction under Amendment 782 that it articulated in its
memorandum filed in this case on October 30, 2015.  In that earlier memorandum,
the Government argued that Amendment 782 was inapplicable to Saelua because
he had a Rule 11(c)(1)(C) plea agreement.  At the time the Government filed its
October memorandum, the Holder memorandum had been out for nearly two
years, but the Government did not waive any objection in light of the Holder
memorandum.  It was only after the Ninth Circuit articulated in <u>Davis</u> when a
guideline amendment might apply even in a Rule 11(c)(1)(C) context that the
Government ceased to object.  At this point, the court is left with the absence of
Government objection to a reduction under Amendment 782 notwithstanding
Saelua's career offender status, and the Government's opposition to the rescission
of Saelua's § 2255 motion seeking to nullify his career offender status.  This court
is not here indicating that Saelua's career offender status should or should not be
nullified.  The court is simply noting that how the Government decides when to
invoke and when not to invoke the Holder memorandum with respect to the same
defendant in the same case is not obvious to this court.  If the Government
decision turns on whether there may be similarly situated defendants in other cases
who have § 2255 motions raising career offender issues, then the Government
should have some understanding of this court's concern about imposing an illegal
sentence in even a single case.

5

applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Reducing Saelua's sentence under Amendment 782 would violate 18 U.S.C. § 3582(c)(2) because it would be inconsistent with the policy statement in § 1B.1.10(b)(2)(A) of the Sentencing Guidelines.  Section 1B1.10(b)(2)(A) of the Sentencing Guidelines states:

> Except as provided in subdivision (B) [addressing situations in which a defendant's sentence is reduced based on the defendant's substantial assistance to the Government], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

Saelua's guideline range under USSG § 1B1.10(b)(1) would not be reduced at all because of his career offender status.  That calculation was reviewed in detail in this court's minute order of July 5, 2016.

In summary, Saelua does not show how the sentencing transcript will relate to relief under Amendment 782.  His entitlement to relief will instead turn on whether his career offender status is rescinded by the granting of his § 2255 motion.  If Saelua's attorney concludes that the sentencing transcript is needed to address the § 2255 motion, it is possible that Saelua's attorney will request the transcript, but the transcript does not appear relevant to the Amendment 782 motion standing on its own.

Given the pro se nature of Saelua's latest filing, this court directs the Clerk of Court to serve this order not only on the attorneys, but also on Saelua himself. At this point, Saelua should stop submitting documents to this court himself and should instead make his views known through his attorney.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 29, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States v. Saelua, Cr. No. 13-00021 SOM
ORDER DENYING DEFENDANT LEVI SAELUA'S PRO SE "MOTION FOR LEAVE OF COURT FOR PRODUCTION OF SENTENCING TRANSCRIPTS TO AID IN THE RESOLUTION OF USSG AMENDMENT 782" AND DEEMING WITHDRAWN HIS MOTION FOR LEAVE TO SUBSTITUTE CJA APPOINTED COUNSEL