IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LEVI SAELUA, JR., | ) | CRIM. NO. 13-00021 SOM |
| | ) | CIV. NO. 16-00239 SOM/KSC |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION SEEKING |
| vs. | ) | RELIEF UNDER AMENDMENT 782 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION SEEKING RELIEF UNDER AMENDMENT 782**

Defendant Levi Saelua, Jr., pled guilty to Count 1 of the Superseding Indictment, which charged him with a conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and a quantity of marijuana in violation of 21 U.S.C. § 846.  *See* ECF No. 223, PageID # 591 (Judgment in a Criminal Case).  Pursuant to 18 U.S.C. § 3582(c)(2), Saelua filed a motion seeking resentencing with a two-level reduction of his base offense level under Amendment 782 to the United States Sentencing Commission Guidelines ("U.S.S.G.").  *See* ECF No. 282.  The court denies the motion.

Under 18 U.S.C. § 3582(c)(2), this court may reduce a "term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  In *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013), the Ninth Circuit explained that

§ 3582(c)(2) authorizes district courts to modify sentences when a sentencing range has subsequently been lowered by the sentencing commission.

The applicable guideline range for drug offenses is usually "determined under U.S.S.G. § 2D1.1(c), which correlates the length of the prison term with the quantity of drugs." *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009). Amendment 782, effective November 1, 2014, generally revised the Drug Quantity Table in § 2D1.1 downward by two levels. This court is therefore authorized by § 3582(c)(2) to modify qualifying sentences pursuant to Amendment 782 to reflect that two-level adjustment in offense levels.

However, Amendment 782 does not lower the sentencing range for career offenders whose offense levels and guideline ranges are based on U.S.S.G. § 4B1.1, rather than U.S.S.G. § 2D1.1(c). *See United States v. Cook*, __ F.3d __, 2017 WL 3816053, at *5 (6th Cir. Sept. 1, 2017) (Amendment 782 does not affect the sentencing range of a career offender sentenced based on U.S.S.G. § 4B1.1); *United States v. Quintanilla*, 868 F.3d 315, 321 (5th Cir. 2017) (same); *United States v. Martin*, 867 F.3d 428, 432-33 (3d Cir. 2017) (same); *United States v. Smith*, 814 F.3d 802, 804 (6th Cir. 2016) (same); *United States v. Smith*, 814 F.3d 802, 804 (6th Cir. 2016) (same); *United States v. Avila*, 2015 WL 1622047, at *1 (D. Haw. Apr. 10, 2015). The Ninth

Circuit, in a series of unpublished opinions, has agreed that defendants sentenced as career offenders under U.S.S.G. § 4B1.1 are ineligible for sentence reductions under Amendment 782. *See United States v. Dewey*, 2017 WL 1435437, at *1 (9th Cir. Apr. 24, 2017); *United States v. Mitchell*, 2017 WL 1435651, at *1 (9th Cir. Apr. 24, 2017); *United States v. Rael*, 689 F. App'x 571 (9th Cir. 2017); *United States v. Romero*, 675 F. App'x 777 (9th Cir. 2017).

Saelua was sentenced as a career offender. *See* ECF No. 224 ¶ 81, PageID # 623 (Presentence Investigation Report designating Saelua as career offender); ECF No. 221 (adopting Presentence Investigation Report). Rather than computing his offense level based on the amount of drugs involved, which would have been a level 34 under U.S.S.G. § 2D1.1, Saelua was determined to have an offense level of 37 pursuant to U.S.S.G. § 4B1.1 because he was a career offender whose crime had a statutory maximum sentence of life imprisonment. *See* ECF No. 224 ¶ 65, PageID # 619. This court has recently rejected a § 2255 challenge to Saelua's career offender designation. *See* ECF Nos. 324 and 333. As Saelua himself has recently conceded, Amendment 782 is inapplicable here, as Saelua's offense level was not based on U.S.S.G. § 2D1.1 and his status as a career offender has not changed. *See* Defendant Levi Saelua, Jr.'s Memorandum Regarding Defendant's Motion Pursuant to USSG Amendment 782 Two-Level

3

Variance, ECF No. 335, PageID # 1459 ("Given that Defendant Saelua was sentenced as a career criminal under U.S.S.G. §4B1.1, Defendant submits that he is not entitled to a reduction of his sentence pursuant to §3582(c)(2) and Amendment 782."). Saelua's motion for a two-level reduction of his offense level is therefore denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 3, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of American v. Saelua, CRIM. NO. 13-00021 SOM; CIV. NO. 16-00239 SOM/KSC; ORDER DENYING MOTION SEEKING RELIEF UNDER AMENDMENT 782