IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 13-00021-SOM-03 |
| | ) | |
| Plaintiff, | ) | ORDER DENYING WITHOUT |
| | ) | PREJUDICE DEFENDANT LEVI |
| | ) | SAELUA'S MOTION FOR |
| | ) | COMPASSIONATE RELEASE |
| vs. | ) | |
| | ) | |
| LEVI SAELUA, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT LEVI SAELUA'S
MOTION FOR COMPASSIONATE RELEASE**

I.        **INTRODUCTION.**

In November 2013, following a guilty plea, the court found Defendant Levi Saelua, Jr., responsible for 382.053 grams of ice.  *See* Presentence Investigation Report, ECF No. 224, PageID # 618; Minutes of Sentencing, ECF No. 221, PageID # 589 (adopting Presentence Investigation Report).  The court sentenced Saelua as a career offender to 300 months in custody, 10 years of supervised release, and a $100 special assessment for having knowingly and intentionally conspired to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, and a quantity of marijuana.  *See* Judgment, ECF No. 223; ECF No. 51, PageID # 116.

In a Memorandum of Plea Agreement, Saelua and the Government stipulated to recommending a sentence of 300 months of

imprisonment under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. *See* ECF No. 181, PageID # 476. The Government agreed not to file an Amended Special Information asserting that Saelua had more than one prior felony drug offense pursuant to 21 U.S.C. § 851. An amended § 851 filing would have meant that Saelua faced a mandatory life sentence. *See id.*, PageID #s 477-78.

Given good time credit, Saelua, who is 58 years old, has a projected release date of July 20, 2034. *See* https://www.bop.gov/inmateloc/ (input BOP Register Number 87469-022) (last visited June 9, 2021). Saelua has been in custody since his arrest on January 20, 2013, meaning that he has served less than 10 years of his 25-year sentence. *See* ECF No. 404, PageID # 1954; ECF No. 19 (indicating that Saelua was in custody at his initial appearance on January 10, 2013); *see also* ECF No. 41 (Return on Warrant for Arrest indicating that Saelua was arrested on January 10, 2013).

Saelua is incarcerated at Atwater USP in California. *See* https://www.bop.gov/inmateloc/ (input BOP Register Number 87469-022) (last visited June 9, 2021). Atwater USP currently houses 1,079 inmates, with 965 at the USP and 114 in an adjacent camp. https://www.bop.gov/locations/institutions/atw/ (last visited June 9, 2022). As of the morning of June 9, 2022, Atwater USP has no active COVID-19 cases in its inmate population

and staff, with 412 inmates and 120 staff members having recovered from it.  https://www.bop.gov/coronavirus/ (June 9, 2022).  Additionally, as of the morning of June 9, 2022, 720 inmates and 212 staff members at Atwater USP have been fully vaccinated against COVID-19.  *Id.*  Saelua is one of those fully vaccinated inmates.  In an earlier filing he stated, "Saelua's medical records also confirm that he has been vaccinated."  ECF No. 400, PageID # 1877; *see also* ECF No. 417-4 (indicating that Saelua received a Pfizer-BioNTech COVID-19 vaccine booster in February 2022); ECF No. 403, PageID # 1943 (indicating he received doses of the Pfizer-BioNTech COVID-19 vaccine in January and February 2021).

Additionally, Saelua contracted COVID-19 in December 2020 and did not experience severe symptoms, although he indicates that he has since experienced chronic coughing, mucus in his chest, shortness of breath, headaches, and "brain fog." *See* ECF No. 412, PageID # 2102; ECF No. 403, PageID # 1941; ECF No. 766, PageID # 7394 (motion stating, "I tested positive for COVID-19 on December 14, 2020."); ECF No. 400, PageID # 1876 (calling his COVID-19 infection "asymptomatic," but saying he has since experienced respiratory issues).

This is Saelua's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Saelua argues that he should be released based on his medical conditions and the COVID-

19 pandemic.  He also claims that his sentence would be shorter if he were sentenced under the current guidelines.  Saelua's records support his contentions in his current motion that he has an enlarged heart, hypertension, hyperlipidemia, is obese, and was a smoker.  *See* ECF No. 417-3, PageID #s 2224-25; ECF No. 412-2, PageID #s 2113, 2116, 2118, 2122, and 2128; ECF No. 224, PageID # 625.  The records, however, do not support that Saelua's sentence would be meaningfully shorter if he were sentenced today, as Saelua would still be sentenced as a career offender.  Accordingly, after considering Saelua's medical conditions, the time remaining on his sentence, and his history, this court concludes that he has not demonstrated that extraordinary and compelling circumstances warrant a reduction in his sentence at this time.  Saelua's secong motion for compassionate release is therefore denied.

**II.      ANALYSIS.**

Saelua's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

> imprisonment), after considering the factors
> set forth in section 3553(a) to the extent
> that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons
> warrant such a reduction . . . .
>
> and that such a reduction is consistent with
> applicable policy statements issued by the
> Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to this motion). *See United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

## A.   Saelua Has Satisfied the Time-lapse Requirement of 18 U.S.C. § 3582(c)(1)(A).

Saelua submitted an administrative compassionate release request to the warden of his prison, who denied that request on February 14, 2022. *See* ECF Nos. 417-2, PageID #s 2222-23. The Government therefore concedes that Saelua has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 417, PageID # 2200.

**B.   This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.**

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  In orders addressing compassionate release motions in other cases, this judge has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

This judge has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, she is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. *Balgas*, 2021 WL 2582573, at *2; *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020). Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated.  This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the

6

congressional intent behind recent statutory amendments.  *Balgas*, 2021 WL 2582573, at *2; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

The Ninth Circuit has expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A).  Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy statements that are binding on this court, they may inform this court's discretion.  *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).

  **C.** **Saelua Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify His Early Release At This Time, or That the Requested Reduction Would Be Consistent with Any Applicable Sentencing Commission Policy Statement.**

   **1.** **Saelua's Medical Conditions Do Not Amount to Extraordinary and Compelling Circumstances in Light of the COVID-19 Pandemic.**

Saelua contends that this court should exercise its discretion and find that extraordinary and compelling circumstances justify his early release.  He relies on the risks he faces if he contracts COVID-19 for a second time despite being fully vaccinated.  While the court acknowledges the seriousness of Saelua's concern, the COVID-19 pandemic does not justify early release at this time.

Under the CDC's guidance, Saelua's medical conditions place him at increased risk of getting severely ill from COVID-19, meaning that Saelua may be more likely to need hospitalization, intensive care, or a ventilator to help him breathe, or he may even die from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 9, 2022). Saelua's age, 58, also appears to increase his risk of a severe case of COVID-19.  *Id.*  While this court certainly agrees that Saelua has legitimate concerns about contracting COVID-19, his medical conditions, standing alone, are not exceptional and

compelling reasons that warrant a reduction in sentence at this time.

Several factors mitigate the risks that Saelua faces. First, Saelua is fully vaccinated against COVID-19. The CDC says, "COVID-19 vaccines continue to be highly effective in protecting against severe illness." https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited June 9, 2022).

Second, in December 2020, Saelua tested positive for COVID-19. He says that he was asymptomatic, but that he has since had respiratory and other non-life-threatening issues. Accordingly, it is not clear that he is likely to develop severe complications if reinfected. Additionally, the CDC has acknowledged that reinfections are possible but that "most individuals will have some protection from repeat infections." *See id.* While this court is in no position to make a definitive determination about immunity, the combination of Saelua's lack of complications after contracting COVID-19, the possibility of some form of immunity from his December 2020 infection, and his status as fully vaccinated against COVID-19 cannot be ignored in any evaluation of whether there are extraordinary and compelling reasons warranting a reduction in his sentence.

Moreover, as of the morning of June 9, 2022, Atwater USP has no active cases of COVID-19 in its inmate population and staff. While Atwater USP at one time had a significant COVID-19

problem, that problem has been reduced, although certainly not eliminated. The lack of current COVID-19 cases at Atwater USP does not place Saelua at great risk of exposure to COVID-19, especially when 720 of the 1,049 inmates (68.6%) at Atwater USP, including Saelua, have been fully vaccinated against COVID-19.

### 2. Saelua Does Not Establish That He Should Be Released Early Given Changes in the Law.

Saelua says that, if sentenced today, he would receive a significantly shorter sentence. Saelua appears to be referring to a statutory change that arguably would set his mandatory minimum prison term at 10 or 15 years, not the 20-year minimum in effect when he was sentenced. But his guideline range would still reflect career offender status. Compassionate release is not presently justified based on any change to the mandatory minimum prison term.

### a. Saelua's Actual Sentence.

On July 10, 2013, the Government filed a Special Information as to Prior Drug Conviction Pursuant to 21 U.S.C. § 851, indicating that, on August 28, 1997, Saelua had a state-court drug conviction for promoting a dangerous drug in the third degree. *See* ECF No. 168 (Crim. No. 97-0750). Under section 712-1243 of Hawaii Revised Statutes, promoting a dangerous drug in the third degree was a Class C felony, which, under section 706-660(1) of Hawaii Revised Statutes, carried a maximum term of five years of imprisonment. This § 851 enhancement meant that Saelua

had a mandatory minimum sentence of 20 years of imprisonment and a maximum term of life imprisonment.  *See* 21 U.S.C. § 841(b)(1) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment").  Without the § 851 enhancement, § 841(b)(1) would have required a mandatory minimum sentence of 10 years and a maximum term of life imprisonment.

In Saelua's Memorandum of Plea Agreement, the parties stipulated to a term of imprisonment of 300 months pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  In return, the Government agreed to dismiss Counts 2 through 8 of the Superseding Indictment with respect to Saelua and agreed not to file an Amended Special Information asserting that Saelua had more than one prior felony drug offense for purposes of enhancing his sentence under § 851.  *See* ECF No. 181, PageID #s 476-77. Had an Amended Special Information been filed, a life sentence would have been mandatory under § 841(b)(1).  Thus, had Saelua not entered into his plea agreement and had he been convicted on all charges, he could have been at risk of receiving a life sentence.

The court notes that the Government, at one point after sentencing, did not object to reducing Saelua's sentence to 240 months of imprisonment pursuant to Amendment 782.  *See* ECF No.

297, PageID # 1335 ("The government also agrees with Defendant
that his new sentence should be 240 months.").  In another
filing, the Government stated that "the 25-year sentence now
seems too long."  ECF No. 300, PageID # 1383.  In yet another
memorandum, the Government states that it believes "it would have
fashioned a binding range of 240 months."  ECF No. 305, PageID
# 1394.  The Government later changed that position.  *See* ECF No.
331 ("As a career offender, he is not entitled to a sentence
reduction under Amendment 782.").

### b.    The Change in Law.

Under the First Step Act of 2018, PL 115-391 (Dec. 21,
2018), the portion of § 841(b)(1) that raised Saelua's mandatory
minimum sentence to 20 years was stricken and replaced with the
following: "If any person commits such a violation after a prior
conviction for a serious drug felony or a serious violent felony
has become final, such person shall be sentenced to a term of
imprisonment of not less than 15 years."  This court begins by
examining Saelua's prior drug felonies, then looks at any serious
violent felony conviction.

Saelua may not have had any prior convictions for a
"serious drug felony" under the First Step Act.  A "serious drug
felony" is "an offense described in section 924(e)(2) of Title 18
for which-(A) the offender served a term of imprisonment of more
than 12 months; and (B) the offender's release from any term of

12

imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(second 57). To qualify as a "serious drug felony" under § 924(e)(2), the offense must be "(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A). It does not appear that Saelua's conviction for promoting a dangerous drug in the third degree would qualify as "serious drug felony" for purposes of a § 851 enhancement, as it only carries a maximum term of imprisonment of five years.

Nor do Saelua's other drug convictions (not charged in a special information) appear to be "serious drug felonies." They relate to the promoting of a dangerous drug in the third degree (Crim. No. 95-1300) or to Using a Telephone to Facilitate the Commission of a Felony Under the Controlled Substances Act in violation of 21 U.S.C. § 843(b) (Crim No. 99-00458HG-01), a crime

13

that does not meet the requirement of carrying a maximum term of imprisonment of 10 years or more.

However, quite apart from his drug convictions, Saelua may have had a conviction for a "serious violent felony," which is defined as "an offense described in section 3559(c)(2) of Title 18 for which the offender served a term of imprisonment of more than 12 months." 21 U.S.C. § 802(58).  Section 3559(c)(2)(F) defines "serious violent felony" as:

> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in section 1111); manslaughter other than involuntary manslaughter (as described in section 1112); assault with intent to commit murder (as described in section 113(a)); assault with intent to commit rape; aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242); abusive sexual contact (as described in sections 2244(a)(1) and (a)(2)); kidnapping; aircraft piracy (as described in section 46502 of Title 49); robbery (as described in section 2111, 2113, or 2118); carjacking (as described in section 2119); extortion; arson; firearms use; firearms possession (as described in section 924(c)); or attempt, conspiracy, or solicitation to commit any of the above offenses; and

> (ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense;

Saelua was convicted of Attempted Robbery in the First
Degree ("Attempted Robbery 1") in Criminal No. 96-1952 in
violation of section 708-840(1)(b)(i) and (2) of Hawaii Revised
Statutes.  *See* ECF No. 297-2, PageID #s 1367, 1369-70.  That
section states:

> A person commits the offense of robbery in
> the first degree if, in the course of
> committing theft or non-consensual taking of
> a motor vehicle: . . . (b) The person is
> armed with a dangerous instrument or
> simulated firearm and: (i) The person uses
> force against the person of anyone present
> with intent to overcome that person's
> physical resistance or physical power of
> resistence; or (ii) The person threatens the
> imminent use of force against the person of
> anyone present with intent to compel acquiescence to the taking o

According to the discussion in the Presentence
Investigation Report concerning Saelua's Attempted Robbery 1
conviction, Saelua attempted a "drug ripoff" while armed with a
.357 revolver, which he fired twice.  *See* ECF No. 224, PageID #
621.  Saelua was sentenced to an indeterminate 20-year sentence.
*See* ECF No. 297-2, PageID # 1367.  This, of course, means that if
Saelua were sentenced under the law now in effect, he might still
face a sentencing enhancement resulting from the filing of a
special information under § 851.

Because Saelua is a career offender, as described
below, this court need not determine whether Saelua's mandatory
minimum sentence would be 10 or 15 years if he were sentenced
today.  That is, this court need not determine whether Saelua

would still be eligible for a § 851 enhancement, as he is a career offender no matter what.

### c.   Saelua is a Career Offender.

Under U.S.S.G. § 4B1.1(a) (effective August 1, 2021):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

There is no dispute that Saelua was older than 18 at the time he committed the felony drug offenses underlying his conviction in this case.  Thus, the first two elements for career offenders are satisfied.  At issue is only whether Saelua had at least two prior felony convictions for crimes of violence or controlled substances.  He does.

Saelua contends that his robbery convictions do not qualify as predicate convictions for purposes of career offender status because they involved the possibility of reckless conduct. However, the case he cites pertains to the Armed Career Criminal Act, which enhances a person's sentence under 18 U.S.C. § 922(g) when a felon in possession of a firearm has three or more prior convictions for violent felonies.  *See Borden v. United States*, 141 S. Ct. 1817 (2021).  Saelua's career offender status did not turn on the Armed Career Criminal Act.  Morever, his state-court

16

Attempted Robbery 1 conviction in Crim. No. 96-1952 involved the

violation of section 708-840(1)(b)(i) and (2) of Hawaii Revised

Statutes.  *See* ECF No. 297-2, PageID #s 1367, 1369-70.  As quoted

above, that statute does not allow for a conviction based on

reckless conduct and instead requires intentional conduct.[1]

This conviction satisfies the career offender

requirement of a felony conviction for a crime of violence.

U.S.S.G. §4B1.2 (2021) defines "crime of violence" as:

> any offense under federal or state law,
> punishable by imprisonment for a term
> exceeding one year, that–
>
> (1) has an element the use, attempted use, or
> threatened use of physical force against the
> person of another, or
>
> (2) is murder, voluntary manslaughter,
> kidnapping, aggravated assault, a forcible
> sex offense, robbery, arson, extortion, or
> the use or unlawful possession of a firearm
> described in 26 U.S.C. § 5845(a) or explosive
> material as defined in 18 U.S.C. § 841(c).

Saelua's Attempted Robbery 1 conviction satisfies this

definition, as it was punishable by more than a year in custody

and had as an element the use of force against another person.

In addition, it qualified as an attempted robbery.  *See United*

*States v. Ornelas*, 906 F.3d 1138, 1143 (9th Cir. 2018) ("At

---

[1] Robbery 2, on the other hand, allows a conviction based on reckless conduct: "A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle . . . (c) The person recklessly inflicts serious bodily injury upon another."  Haw. Rev. Stat. § 708-841(c).

common law, robbery was 'the felonious and forcible taking, from the person of another, of goods or money [of] any value by violence or putting him in fear.'" (quoting 4 W. Blackstone, Commentaries on the Laws of England 241 (1769)).

Saelua's conviction in Criminal No. 99-00458 HG for violation of 21 U.S.C. § 843(b) also qualifies as a predicate offense for career offender status as it involved a controlled substance offense.  The court does not accept Saelua's contention that he only possessed the drugs underlying that conviction for personal use.  That contention is belied by the record.  *See* ECF No. 412, PageID # 2092 (Saelua arguing, "At Mr. Saelua's change of plea proceeding, he stipulated that he intended to use the drugs facilitated over the telephone for personal use.  Nothing from Saelua's stipulation demonstrated that he used the telephone to facilitate the manufacture, import, export, distribution, or possession with intent to distribute a controlled substance.").  That contention is belied by the record.  The Indictment in that case charged Saelua with having "knowingly and intentionally used a communication facility, to wit, a telephone, in facilitating the commission of acts constituting a felony under the Controlled Substances Act, to wit, distribution of cocaine."  *See* Indictment in Cr. No. 99-00458HG (Sept. 22, 1999).  In that case, Saelua pled guilty pursuant to a Memorandum of Plea Agreement (Apr. 10, 2000) in which he agreed to the following facts: "a.  On December

18

3, 1994, defendant used a telephone and spoke to Francis Kalani Lii regarding defendant's receipt of at least one (1) ounce of cocaine from Lii on a consignment ('front') basis.  b. Defendant distributed the cocaine to other individuals."  Saelua's agreement that he used the telephone to facilitate the distribution of cocaine negates his contention that the drugs were only for personal use.

Saelua was charged in the Superseding Indictment in this case with having violated 21 U.S.C. 841(b)(1)(A) by knowingly and intentionally conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance.  *See* ECF No. 51, PageID # 116.  Saelua was convicted and, under 21 U.S.C. 841(b)(1)(A)(viii), was subject to a mandatory minium prison sentence and a maximum term of life imprisonment.  Under U.S.S.G. § 4B1.1(b), Saelua had an offense level of 37 and was in criminal history Category VI.  Saelua's offense level was decreased by 2 levels for acceptance of responsibility and an additional 1 level for early acceptance in the investigation or prosecution of his misconduct under U.S.S.G. § 3E1.1(a) and (b).  With a Total Offense Level of 34 and a Criminal History Category of VI, Saelua's guideline range today would be 262 to 327 months, which is the same as when he was sentenced.  *See* ECF No. 224, PageID # 628.

19

While Saelua says the seriousness of his criminal history is overrepresented and contends that this court should reduce his sentence, he remains a career offender.  Even had this court not characterized Saelua as a career offender, his record would have placed him in Criminal History Category VI.  In short, Saelua would still have many years to go on his sentence.

In the court's previous order denying compassionate release, this court did not say that Saelua would now be sentenced to 15 years.  Saelua's reference to such a court statement in his memorandum in support of his motion is erroneous.  *See* ECF No. 412, PageID # 2094.  This court instead noted that even if the current mandatory minimum set by statute is 15 years, "he still would have considerable time left on his sentence."  ECF No. 406, PageID # 2011.

Given the considerable time left on Saelua's sentence, he does not show extraordinary and compelling circumstances justifying his early release at this time.

### 3.    Section 3553(a) Factors Do Not Support Compassionate Release.

In evaluating whether early release is justified, this court also must consider the factors set forth in § 3553(a), one of which is particularly relevant.  Saelua has only been incarcerated for about 40 percent of his 25-year sentence. Saelua does not establish that current conditions warrant cutting

his sentence to time served as appropriate punishment for his crime.

Given the breadth of his criminal history and history of violent conduct, this court is also concerned that Saelua may pose a danger to the community if released at this time. *See* ECF No. 396, PageID # 1842; Presentence Investigation Report, ECF No. 224, PageID #s 620-22 (detailing convictions for: 1) promoting dangerous drugs in the third degree for which he was sentenced to 5 years of imprisonment; 2) robbery in the second degree for which he was sentenced to 10 years of imprisonment; 3) attempted robbery in the first degree using a .357 revolver for which he was sentenced to 20 years of imprisonment; 4) promoting a dangerous drug in the third degree for which he was sentenced to 5 years of imprisonment; and 5) using a telephone to facilitate the commission of a felony under the Controlled Substances Act for which he was sentenced to 27 months of imprisonment), PageID # 621 (indicating that he participated in the group assault of another inmate), and PageID # 623 (designating Saelua as a career offender); ECF No. 221, PageID # 589 (Minutes of Sentencing Proceeding indicating that the court adopted the Presentence Investigation Report).

Saelua has had disciplinary issues while incarcerated. Particularly troubling is Saelua's assault of another inmate in 2007 and possession of a homemade weapon in 2019. *See* ECF No.

21

417-1, PageID #s 2220-21.  Of course, not all of his disciplinary issues affect the present decision as not all suggest any danger to the community if Saelua is released (Saelua doubled back for more food in 2019 and participated in a hunger strike in 2017). *Id.*

As noted in the denial of his earlier compassionate release request, Saelua has made numerous attempts to rehabilitate himself while imprisoned.  *See* ECF No. 396, PageID #s 1859-60.  Saelua even represented that he has quit the USO gang.  *See* ECF No. 400, PageID # 1873.  Furthermore, the Bureau of Prisons trusts him enough to allow him to work in the commissary.  *See* ECF No. 400, PageID # 1874.  While the court commends Saelua for that conduct, on balance, it is not sufficient for this court to exercise its discretion and determine that compassionate release is appropriate at this time. The court encourages Saelua to model good behavior and to demonstrate that he truly is a changed man.

The court denies Saelua's present request without prejudice, noting that, among other things, he still has considerable time left on his sentence, even under today's sentencing structure.  *See United States v. Gordon*, 2020 WL 2896910 at *3 (S.D. Ohio June 3, 2020) (denying compassionate release motion without prejudice when "defendant would still have a considerable amount of time left to serve on his sentence"

under the new law); *United States v. Brown*, 411 F. Supp. 3d 446, 453 (S.D. Iowa 2019) (denying compassionate release motion without prejudice when defendant would not be eligible for release for years under the new law).  Saelua may, of course, file another motion for compassionate release after he has served more of his sentence, taking good time credit into account.  If he does move again, he may want to focus on demonstrating positive changes he has made such that he will no longer be considered a danger to the public.

Under § 3582(c)(1)(A), only extraordinary and compelling reasons can justify a reduction in an inmate's sentence.  Having considered the amount of time remaining on Saelua's sentence, his history, and the totality of the medical information he has submitted, this court determines that the reasons raised by Saelua do not rise to the level of being extraordinary and compelling reasons warranting a reduction in his sentence at this time.

**III.    CONCLUSION.**

Saelua's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.  This denial is without prejudice to a future motion.  Although, of course, the court cannot predict whether any future motion will or will not be successful, this court is sympathetic to arguments based on changes in the law.  The main problem for Saelua at this point is

that application of the changes in the law would not yield a

sentence resulting in his release right now.

It is so ordered.

DATED: Honolulu, Hawaii, June 9, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Saelua*, Cr. No. 13-00021-SOM-03; ORDER DENYING WITHOUT PREJUDICE
DEFENDANT LEVI SAELUA'S MOTION FOR COMPASSIONATE RELEASE